MARIE PRAWATCHKE, DEFENDANT, v. SHEFFIELD FARMS CO., INC., PROSECUTOR.

Argued January 15, 1946—Decided March 4, 1946.

Before Brogan, Chief Justice, and Justices Parker and Oliphant.

For the defendant, *Perry E. Belfatto.*

For the prosecutor, *George F. Lahey, Jr.*

The opinion of the court was delivered by

Oliphant, J. This is a workmen's compensation case.

Respondent's decedent was employed as a milk route salesman for the prosecutor. His duties were to deliver milk, collect empty bottles and make collections. On the day of his death he had served approximately 105 customers, a total of about 250 quarts of milk and moved around about 21 cases of milk, each weighing 70 pounds. In serving some customers it was necessary for him to climb two or three flights of stairs. On September 11th, 1944, about 1:00 p. m. he placed six bottles of milk on a dumbwaiter, which he had previously pulled down from a higher floor. This dumbwaiter was used to serve customers in the apartment building where decedent met his death. A Mrs. Campbell, one of prosecutor's cus-

tomers, talked to deceased down the dumbwaiter shaft. She saw him pulling the dumbwaiter down and he put her milk order on it. Mrs. Campbell says she pulled the dumbwaiter up. Shortly thereafter the apartment house superintendent found deceased in a position half in and half out of the dumbwaiter shaft. This dumbwaiter worked "very hard," it "was heavier to pull" than the others and there had been complaints about it but the superintendent was unable to fix it.

Decedent died of a coronary thrombosis. He had been suffering of a hardening of the coronary arteries of the heart for some months previous to his death and had been advised against continuing his occupation.

There was a judgment in favor of the respondent in the Workmen's Compensation Bureau which was affirmed on appeal to the Bergen County Court of Common Pleas. Such findings should not be lightly disturbed. *Hentz* v. *Janssen Dairy Corp.*, 122 *N. J. L.* 494.

The issue involved here is whether respondent's deceased husband died as the result of an accident arising out of and in the course of his employment with prosecutor.

It is contended by prosecutor that as no autopsy was performed on the deceased, the medical testimony as to the cause of death, coronary thrombosis, was a mere guess. We do not so find. The cause of death may be determined with reasonable certainty by a physician who had had the deceased under treatment, from the history of the case and the attendant circumstances. The cases of *Nardoni* v. *Public Service Electric and Gas Co.*, 113 *N. J. L.* 540, and *Kramerman* v. *Simon*, 131 *Id.* 250, cited by the prosecutor, are not analogous on the facts.

As to the death resulting from an accident arising out of and in the course of decedent's employment there was abundant proof, and in our judgment respondent carried the burden of establishing by a preponderance of probabilities the basis upon which she asserted her right to compensation. *Gilbert* v. *Gilbert Machine Works, Inc.*, 122 *N. J. L.* 533; *Kuropata* v. *National Sugar Refining Co.*, 126 *Id.* 44. It is a matter of common knowledge and there is testimony in the case that the climbing of stairs causes a strain on the heart

of one suffering from a cardiac condition. The character of this man's work and his extra exertion in connection with the dumbwaiter brought about his death. The rule enunciated in *Bernstein Furniture Co.* v. *Kelly,* 115 *Id.* 500, that "an accidental strain of a heart, even though the heart was previously weakened by disease, may be a compensable injury under our statute when—the accident arose out of and in the course of the employment" is applicable to the facts as we find them to be in the instant case. There was persuasive medical testimony that the cumulative effect of the decedent's day's work plus the incidents immediately prior to his collapse at the dumbwaiter created a causal relation between the coronary thrombosis from which he died and the work that he pursued for prosecutor on the day of his death.

The case of *Hentz* v. *Janssen Dairy Corp., supra,* is similar to the instant one on the facts and the reasoning of Mr. Justice Bodine in that opinion and the cases cited therein can well be applied here.

The writ is dismissed, with costs.